No. 815

NORTH BRITISH & MERCANTILE INS. CO. v. GARBER

Ohio Appeals, 2nd Dist., Montgomery Co.
No. 784. Decided Aug. 1, 1927.

256. COMITY—Ohio courts will not enforce law of state where contract is made, if such law conflicts with our own public policy.

276. CONDITIONAL SALES—Unrecorded conditional sale contract, valid in state where, made not enforcible in Ohio against innocent purchasers.

Error to Common Pleas.
Judgment affirmed.

Matthews & Matthews and Mooney, Bibbee & Edmonds, Dayton, for Insurance Co.

Shank & List, Dayton, for Garber.

ALLREAD, J.

This is a replevin suit and involves the ownership of an automobile, sold in the State of Utah under a conditional contract of sale. Both the dealer and purchaser were residents of Provo, Utah. The plaintiff holds by assignment from the vendor. The vendee, shortly after the purchase, brought the automobile to the State of Ohio. On May 26, 1925, the vendee, M. R. Yant, sold the automobile, in the State of Ohio, to C. W. Zimmerman, who on Aug. 12, 1925, sold it to Garber. Both sales were made for full consideration and without knowledge of an outstanding conditional sale. Under the laws of the State of Utah, the conditional sale was valid, even against a bona fide purchaser, and was not required to be filed for public record.

It is conceded that Yant, the original vendee, removed the automobile from the State of Utah without knowledge or consent of the vendor, and that, under the conditional contract of sale, the vendee was prohibited from transporting or removing the automobile outside of the State, and, upon such removal, the vendor was authorized to take possession.

The question is as to the validity of the conditional contract sale as against an innocent purchaser in Ohio, where the action is prosecuted in an Ohio court.

The exact question has not been decided in Ohio, and decisions in other States are in conflict. It becomes our duty to consider and apply the principles governing the case at bar.

The case of Ranaga v. Taylor, 7 OS. 134, holds that, by the law of comity between different states, the lex loci contractus controls as to the validity and construction of personal contracts though not as to the remedies or rules of evidence, nor where it clashes with the rights of our own citizens or the policy of our own laws. The case of Heaton v. Eldridge and Higgins, 56 OS. 84, holds that the law of the State or country where a contract is executed and is to be performed, enters into and becomes a part of the contract, and the contract will be sustained everywhere and accorded the interpretation required by the law of the place where made, unless the contract contravenes the settled policy of the state or country in whose tribunals its enforcement is sought. The question again arose in the case of Boyer v. Knowlton, 85 OS. 104.

The decisions, in courts of other states, are in conflict, but we find the following from 5 Ruling Case Law, page 944: "The public policy of a state, established either by express legislative enactment or by the decisions of its courts, is supreme, and when once established will not, as a rule, be relaxed, even on the ground of comity, to enforce contracts which, though valid where made, contravene such policy." We think it is well settled, at least in Ohio, that an Ohio court will not enforce the law of the state where the contract is made if such law conflicts with our own public policy.

While originally the State of Ohio recognized the validity of unfiled conditional contracts of sale, the injustices perpetrated by the enforcement thereof, as against innocent purchasers, called for remedial legislation and such legislation was enacted and has been in force for many years.

We reach the conclusion that the Utah conditional sales contract is contrary to public policy of Ohio and should not be enforced in Ohio courts.

(Ferneding, Kunkle and Allread, JJ., concur.)